Mark S. Stern appearing for Appellant, Russell D. Garrett appearing for Appellee. Thank you. Mr. Stern, would you like to reserve any time for reply? I think five minutes, Your Honor. That seems to be the common thing today. It does. Well, we'll go ahead and continue that trend, and you may proceed with your argument. Yes, Your Honor. Thank you. We're talking about the meaning of 524 regarding discharge of the debtor. One thing is very clear that 524 does not discharge third parties. It doesn't discharge the joint torteaser in this case, the state of Washington, and it doesn't discharge all state insurance company, the insurer. One of the problems in this case is that Washington has a law that is very similar to the California statutes in both Slally and Munoz. And what the law says is that you need to have the defendant available to have a judgment entered against them. And then you can establish joint and several liability as to third parties. And that's all we've sought. We were certainly willing in our initial pleadings to limit the judgment or award to insurance proceeds. But that wasn't – that was important, but not enough to make a difference. The problem is in a case called Anderson v. City of Seattle, the Washington Supreme Court addressed this particular issue. In Anderson, the plaintiff, Mr. Anderson, sued two parties. He sued, I believe, Williams and the City of Seattle. Williams filed bankruptcy. The normal thing that would make sense is – and what they did is entered an order of dismissing Anderson because he filed bankruptcy. There was nothing they could get from him and then went to trial. The court awarded a substantial amount of damages. Then the Supreme Court ruled that since you dismissed Williams, you don't get to go have joint and several liabilities. So you can't collect money from the state. You can't collect any money from anywhere else. That's what this case is about. There are – But counsel, you don't just need to name her as a defendant. You need to take a judgment against her for the full amount of the damages so that you can then get the city – I mean the state of Washington, Mr. Garrett or other defendants that you may decide to name to pay the full amount even if you never proceed as against her. That's correct. You need to do what 524A prohibits, which is the entry of a judgment of personal liability for the debtor. Right? Well, Your Honor, that was addressed in both Slally and Munoz. In both cases, the court said, well, we can't modify the discharge injunction, but we can interpret it. And in both Slally and Munoz, the court went on to say that if you're only seeking damages from third parties, and that's clearly what we're doing here, the court can interpret the discharge so that you can enter the judgment and collect from third parties. Virtually every court that has addressed this issue has come to that conclusion. Munoz came to the conclusion that they didn't do it by an adversary proceeding, but they said, well, you have to have the judgment so you can go collect from the third parties. Slally said the same thing. I know that. Except Slally said that you could collect for the insurance proceeds. It didn't go beyond in saying you could take a judgment against them for the purposes of attacking a third party for the full amount of the judgment. Actually, I think it did, Your Honor. And I will hold on. Let me see if I got the language here. In Munoz, quoting Slally, it said in the final, WCAB judgment is rendered against the debtor, and he does not pay within a period of time by state law, then UEF must pay. That situation straightforwardly complies with the requirement of 524E. Hence, we hold 524E, incest to confuse to 524A, such as the discharge injunction does not bar completing the WCAB proceeding. That's all we're asking for is to complete the proceeding. We will stipulate that we can't get anything other than insurance proceeds. We never ask for anything more than insurance proceeds. Well, the important thing in that, you say you stipulate. The clear point that you are trying to make is that you will never seek to recover from the debtor on any liability or any judgment that is entered. That's correct. That is. Aside from the collateral, the third source. Yes. Which will be definitely the insurance, and in your view, if appropriate, would be the other non-debtor entities. Yes. That's what we put in the complaint. That's what we put in the summary judgment. That's what we were trying to do. Doesn't that also have a detrimental effect under Washington law with regard to the statute on contribution among joint tort feasors that only limits their liability to the amount of their proportionate share, and if they pay a greater amount than their proportionate share, that then they have the right of contribution, but they could never seek contribution from this debtor because she's discharged the obligation? I would concur that they might have a right of contribution, but that's discharged. No one has ever intimated that they would seek any right of contribution. It's gone. She is discharged. But the statute that allows for joint and several liability to be established through naming her as a defendant would authorize them to proceed, but because of the discharge, you'll get the benefit if we were to grant the relief you want, but they would then be barred from ever recovering as against her under the statutes that would authorize them to take such action.  That would be the same result as if this happened pre-petition and then the debtor filed. That would be the same result, wouldn't it? Well, if the debtor had filed and had given us notice and had listed us and sent notice to us, we would have filed a motion for relief from stay, and we wouldn't be in Section 524A, B, C, D, and E. Well, potentially, if she'd given you notice, you would have convinced her not to file bankruptcy and entered into some kind of a settlement and authorization agreement with her on the outset, and then you would have commenced the litigation against her, but you would have protected her, and you would have gotten a settlement agreement approved by a court, and then you would have proceeded to take the judgment against the other defendants. Presumably, Your Honor, but we didn't have that because they didn't list the plaintiff, they didn't list his counsel, even though her insurance company knew who they were and was in correspondence with them. They listed the deceased person and sent notice to the deceased person's address, and no one ever saw whatever happened to it. Mr. Stern, walk me through what happens in the state court litigation, okay? Ms. Hidalma Porcel has brought the lawsuit naming the Washington State Department of Transportation and Mr. Milton Garrett as defendants. If you don't get what you want, your client still, or the plaintiff still proceeds to trial. It's just that the, tell me what happens, what can she collect? I don't know with respect to Mr. Garrett, Your Honor. Let's take the state then. The state gets, the state's liable for the entire amount if we get judgment against both of them. Right, but if you don't get the judgment against both of them and the jury decides that the state is only 50% responsible and the amount of damages is a million dollars, then the plaintiff gets $500,000. Is that right? Yes, Your Honor. If we have two conservative liabilities, we get the million dollars from the state. If you, if Mr., if Judge Alston's order is affirmed, you still get that? No. Mr., what if you lose on appeal? Well, what he's saying is, assuming that you can't name her and you have to go to trial just as against Mr. Garrett or the state of Washington, damages are a million dollars, but their percentage of liability is less than 100%. You recover the percentage of liability only. That's true. If we can't name her. But if you can name her, then you get the advantage of having the full amount of the damages determined, and then you can collect all of it under Washington law, under joint civil liability against. Yes, but she has to be available to have the judgment entered against her, even limited to whatever insurance proceeds that she has. Isn't that a decision that's been made by our state legislature and the Supreme Court? Why should the bankruptcy court get into dealing with what happens in tort cases outside of bankruptcy? Because bankruptcy has an effect on any number of other aspects of life and practice. Bankruptcy court needs to be able to say the discharge doesn't affect liability to the extent that it's only pursuing third parties. That's why. But you get a judgment against her for the full amount of the damages. Right. Say you're not going to proceed to collect it. Correct. But in fact, you have a judgment against her. There's nothing to prevent you from proceeding against her at that point, nor any other party who pays more than their proportionate share from seeking recovery against her, except the discharge. Well, yes, Your Honor, because what we ask for is a determination that our recovery is limited to insurance proceeds. But you have that ability to get that money today, right now, because they've offered it, and the judge state court has already authorized you to recover that amount if that's limited to the insurance proceeds. Number two, 524E doesn't preclude you from suing Mr. Garrett or any other non-debtor party for their liability, but that's not good enough, because what you want is the ability to leverage them by establishing her proportionate share of liability in that litigation, right? I think that's probably true, Your Honor. We never sought to get a judgment against her. If we'd known beforehand, we probably would have cut a settlement. We would have done something. Well, we didn't. If we'd asked for relief from stay, we'd be under 362 and not 524. Oh, so we wouldn't be here. We would have gotten an order. It would have. And there is something else that I want to say briefly before I come to the end of my time, and that is the continued viability of BUNAS. The Supreme Court in Taggart talked about injunctions in 524 and said that when the legislature adopts a provision with clear legal meaning, such as an injunction, it comes with old soil, and the court has authority to modify it. I know that that's contrary to one of the holdings of BUNAS, but in BUNAS they said, oh, you can go take the judgment against her because you're not going to get anything from her. So BUNAS has the same result, it just reached it in a different manner. Would you like to reserve the remainder? I'll reserve the remainder. Thank you. Mr. Garrett. Thank you. Had to get my microphone on. May it please the Court. My name is Russ Garrett. I represent the appellee Blackwell. Blackwell is the debtor, as the parties have already pointed out. There's nothing more important to the debtor than a discharge. That's exactly why. Let me ask you, you got your discharge. Nobody is suggesting that anybody is coming after the debtor for any monetary. So what does the debtor care? Several reasons. First, and I guess I'll rely, I won't rely, but I'll refer to the three parts in the Zubit test. But the first thing is that it actually has an impact on the debtor. So it drags the debtor through litigation that she otherwise wouldn't have to go through. She'll be dragged through discovery, trial, and travel, not to mention the time, away from whatever else she's doing, including work, family, things like that. This puts a substantial. That doesn't absolve her. I mean bankruptcy doesn't absolve her from her debt. I mean there is a liability there. It's unliquidated, and it's been discharged. It has been discharged. But it's still there. I mean why is that preclusive here? I think the injunction under 524 is the preclusive part. The injunction wouldn't prevent the plaintiff's counsel from subpoenaing her to attend trial as a witness. I mean she might still have to be there. That's correct. That is exactly correct. And give discovery. And give discovery, but not as a party. So what's the difference? Well, the difference is on the discovery rules and who might have to pay for the transportation and working with those things. Those are significant. But in this case, the $50,000 policy limits have been tendered over and over. Does that make a difference? I mean if the insurance company was not willing to tender it, then it would be okay? I'm not sure why they need her. That's the other point. The reliance by the plaintiff in this case, the appellant, is on the Anderson case. The Anderson case precludes joint and several liability if you don't have at least two defendants. There are three in this case. And as the court already pointed out, one of them has the same last name as mine, but for the record it's not me nor anybody I'm affiliated with. But it has the state of Washington and Milton Garrett, whoever that person is. The plaintiffs in this case have two defendants. They meet the requirements of Anderson. They don't need the debtor in this case at all, unless they need some discovery. So it would just be an empty chair? It would be an empty chair, and she would have to comply with discovery. As the court points out, she would anyway as a witness. It's the hardship that's placed on her. And the other part is they wouldn't get a judgment. They wouldn't get a judgment. You took the words out of my mouth. The judgment doesn't mean anything except for the imposition or the potential imposition of joint and several liability. But you're saying it's not necessary because there's two already in there. That's the first thing. There's two already in there. And the second thing is, you know, most of us that have been around for quite a while see what happens after the debtor gets a discharge. A judgment entered against the debtor after a discharge, even if the plaintiff in this case is only going to collect the insurance proceeds, nevertheless has an impact on the record. And Judge Alston pointed that out in his decision. He talked about the credit bureaus. People are not going to understand, the third parties out there, are not going to understand the impact of a post-petition judgment. The plaintiff in this case might agree to only accept $50,000. They haven't done it yet. Do you have a case discussing that analysis, applying the SUBO, the SLALI factors? I'm sorry. I didn't hear you. You have a case that addresses this and is presumably dispositive, where there is an agreement that the plaintiff shall be named nominally, that no election will ever be taken. It is only essentially a pass-through. And that is denied because of the factors that you are raising, that it will have these unintended consequences and impact on a discharged debtor, though no money will ever be sought from him or her. I don't have a case on that. The case has only addressed whether the debtor should be a defendant in a case. And in the case of the SUBO case, which is the Minnesota case, where most of the cases take this three-part test, in that case the court denied an extension of the discharge or modification. And the reason was because it would be a financial hardship on the debtor. And number three is the parties agree modification is limited to establishing liability and does not allow pursuit of a judgment against the discharged debtor. And that's what they want here. That's correct. And as the court reads the record, and we put it all in the record, as the court reads the record, you can see the difficulty that the trial court had in determining what the plaintiff, or the appellant in this case, was arguing or alleging every step through the process, right up to the very last day where we had argument on the motions for summary judgment. So it's not clear. The record is absolutely unclear what these plaintiffs plan to do if they're able to go forward with the judgment, and they don't need it. Their argument that they could limit the judgment to just the insurance proceeds is inconsistent with obtaining a judgment that is for the full amount of the damage. It is, just as Judge Alston pointed out in his written decision, and in his oral ruling. I will say, I don't know that the court here needs to get to whether a judgment needs to be modified, or I'm sorry, whether the injunction under 524 needs to be modified, because if it does, it goes to the next step, which is that three-part test that was outlined in MUNOS by Judge Klein. Just going through that three-part test establishes that the plaintiff in this case has not met the three-part test. They've only argued the first part. They've put in nothing to support the second and third elements. They fail on the first, as we've outlined in our briefing, but the second and third they don't address at all, except to say there are elements that exist. This was a motion for summary judgment, cross motions for summary judgment. There's no dispute of fact, none. I think the court ruled properly. Counselor, could you just help me with the two other elements? I want to make sure that they're different than the Zuba test. Yes. Actually, in the Slally case, and it's on page 40 of our brief, we outlined those factors, and that is the debtor is a necessary party in the pending litigation, and dismissal of the debtor will result in the moving party not being able to pursue its remedies against the non-debtors. We've established that. Two, we've established they can get full relief otherwise. Two, pursuit of the action with the debtor involved will not impose financial hardship on the debtor that derogates the sweeping effect of the discharge. And three, the parties agree that modification is confined to establishing liability for damages that does not allow pursuit of a judgment against the discharged debtor. That third factor clearly operates against what the parties here are asking, what the appellate's asking. It wants a judgment. Notwithstanding the fact that the proceeds have been tendered, it wants a judgment. And I think, as the court pointed out, How does that work in real life? Because everybody is agreeing that there's a discharge that's applicable. There is no dispute regarding the non-dischargeability of that, which was Munoz, right? But so there is going to be no recovery from the debtor. They have identified, you know, the insurance, which would be a third source, a collateral source, and they've identified that it's necessary in their mind for establishment of joint sum of liability, which would also be not from the debtor. So how is that a factor in your favor? A post-discharge judgment nevertheless appears on every record as a post-discharge judgment. But you're not collecting it. You're narrowly on the third element. You're going to the second one, whether it be a hardship, a financial hardship. It doesn't appear to be a financial hardship because it's never going to be collected. It's a societal hardship is what you're arguing because the credit bureau, the taint of having a monetary judgment adjudicating her, all of that, it would be a hardship in your view. But whether there would be a recovery from the debtor, no, there won't be. But what I'm confused about is why 524A1 says you can't get a judgment. It doesn't say that you can't get a judgment. It says it voids it. No, it actually, 524 says. A1. A1 says it voids a judgment to the extent it is a determination of personal liability with regard to any debt discharged. And everyone agrees that that will happen. There is no dispute about that. And then two says it operates as an injunction against a continuation or commencement of any action, employment of process or any act to collect, recover, or offset any such debt as a personal liability of debtor. Again, they want to establish it's a personal liability. They want to establish that they can't. They aren't going to collect, but they are using it as a method of establishing her personal liability. When you allow that. To add one more thing to add to what Judge Springer, what you asked for, that is what's the impact of a judgment if they're not going to collect it. Debtors who have post-discharge judgments are going to have to deal with the credit bureaus themselves at huge cost. Whenever they apply for credit, whenever they go to do anything to apply for credit, they're going to have to explain this away. Bankruptcy is not going to impact that? Bankruptcy, the bankruptcy actually benefits it. There was a time when bankruptcy eliminated your in person obligation and the creditors would never loan you money again. Probably as of about 20 years ago, it went the other direction. With that judgment, you're talking about the credit bureaus, but a post-discharge judgment, do title insurance companies pick that up? If she ever wants to buy a house or refinance her house, it's not just the credit bureaus, but the banks, is that it? You're correct, Judge Corbett. They all pick it up and it all puts a hardship on the debtor to have to try to explain it away. Having represented debtors in this and trying to explain away something like that is costly. It's time consuming. It is an incredible hardship on the debtor, particularly where if you balance what the plaintiff needs, they don't need the debtor in this case. They have two other defendants. The other point, Judge Spraker, was it says it voids a judgment obtained at any time. So it doesn't have to be a judgment that's obtained before the discharge. It precludes you from proceeding post-discharge, but certainly voids any judgment even if it was obtained before the discharge was issued. So allowing them to proceed violates A, getting a judgment at any time, and B, an attempt to collect or recover a personal liability or of a discharge debt. I think that covers both A and B. Again, you took the words out of my mouth. Thank you. I really don't have anything else to add, but I'm happy to answer any questions the court has. Any questions, Judge Gannon? I don't have any other questions for him. Thank you very much, Mr. Gannon. Thank you. I think you have roughly a minute and a half or so for reply. A minute and a half? I thought I had a bunch more because I reserved five and I got done early. It didn't get done early. That was the 15 minutes. We'll see where it takes us and let you.  Can you address Mr. Garrett's point that really, given the two other defendants, that the naming and including the debtor is superfluous? I told your Honor that naming her is important because she's the one who ran into Ms. Porcell's son and killed him. So she is an essential party. I don't know what the other parties did or their name, but I don't know how they come into it, but she's an essential party. With respect to the problem of the judgment, all they have to do is tell them to call the lawyer, and we will be very happy to tell them this was a tort judgment and insurance paid for it. With respect to – I forget what I was going to say. If you have any other questions, I'd be happy to. But we need to establish liability, and that's what we need to do. Why can't you establish it through the empty chair? Because the empty chair doesn't – because of the Supreme Court of Washington's ruling in Anderson. We can't establish it through an empty chair because she's not available to have the judgment entered. Mr. Spraker, if I could be permitted to just ask one more question, and maybe Judge Gann has one. But again, if Judge Alston's order is affirmed, Ms. Hidalma is not precluded from suing the state and getting a judgment. That's true. It just may be that the judgment is going to – what she can collect against the state is only an amount that's based on the percentage of the state's liability. That's true. That's true, but it's substantially less. Okay, it is substantially less, but isn't that up to the state to decide in drafting these statutes? There are many things that we would change if we had the ability to draft statutes. This one makes no sense. As I say, Anderson was a perfectly reasonable result, not what our support court ruled. I mean, isn't the legislature's determination what makes sense here is that, I guess what the statute says is that under these circumstances, the plaintiff may only recover against the state the amount that the state is responsible to pay for. I'm sorry I ended that comment with a proposition, but you understand what I'm saying. I understand, and I don't think that the state was thinking about the possibility of a discharge or bankruptcy when this was drafted. It hasn't been modified. Perhaps that's something for this legislative session. But the cases that have addressed it have all said, including Midas, including Slally, that if you need to establish liability and a judgment, that's a sufficient basis to rule that the discharge doesn't apply. And with respect to our agreement to not pursue Ms. Blackwell, that was in the motion. It was in the complaint. It was judgment to the extent of insurance proceeds or third parties. We never asked for anything else. We never wanted anything else. That was all we had asked for. Thank you, Mr. Stern. You did answer my question. Thank you. Thank you. Mr. Stern, anything else? Nothing further. Thanks. Go ahead if you want to sum up. The cases that have addressed it have said that if you need to collect from a third party or from a third party, the discharge doesn't apply. This court has ruled that it is impossible because the statute is set in stone and the injunction is there. I'd submit that Munoz has continued viability in light of Taggart is somewhat in question. Judge Posner clearly said in a case cited in Munoz that the court can modify the discharge. We don't ask that they modify the discharge. We simply seek a decision that the discharge does not apply to the extent that the plaintiff is seeking damages from third parties, insurance, or the state, and to the extent that she's going to have problems with future credit and everything else, all she has to do is send them a copy of the order. Or that's a problem that is a problem with many cases, but it's not a basis to rule that we are precluded from establishing or to establish third-party liability. Thank you. Thank you both for a very interesting argument. The matter will be deemed submitted, and again, we'll try to get this out as soon as we can. Thank you very much. That will conclude the hearing or the oral argument. With that, that concludes our calendar for this morning. We'll be adjourned. Thank you all. Off record, please. Thank you.
judges: Spraker, Gan, and Corbit